UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN G. LATIMER,

    Plaintiff,

v().                                      Case No. 8:21-cv-1892-KKM-AAS

U-HAUL,

    Defendant.
_____/

## ORDER

Calvin G. Latimer filed a complaint against U-Haul, apparently alleging there was a conspiracy between U-Haul and Latimer's apartment complex. (Doc. 1.) He then moved to proceed in forma pauperis. The Magistrate Judge issued a report recommending that the Court deny Latimer's motion to proceed in forma pauperis and dismiss the complaint. (Doc. 6.) The fourteen-day deadline for Latimer to object to the Magistrate Judge's report has passed (with an additional three-day period permitted for mailing), and he has not filed an objection.

After a de novo review, the Court concludes that the motion should be granted for the reasons stated in the Magistrate Judge's Report. (Doc. 6.) Latimer fails to allege subject matter jurisdiction in his complaint. And in his supplement to his motion to proceed in forma pauperis, he argues that his apartment complex violated the federal eviction

moratorium. (Doc. 5 at 2.) But his complaint is against U-Haul and he does not explain how his apartment complex violating the moratorium would give the Court subject matter jurisdiction to hear his case against U-Haul. In his complaint, where he appears to allege that U-Haul and his apartment complex conspired together, he does not allege that they conspired to violate the federal eviction moratorium. (Doc. 1.) Absent such an allegation, the Court lacks subject matter jurisdiction and with it, the power to decide this case.

Further, as the Magistrate Judge notes, Latimer has failed to allege a cause of action. The federal criminal conspiracy statute does not provide a private cause of action. *See Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 553 n.3 (11th Cir. 2010). If Latimer was alleging a conspiracy under 42 U.S.C. § 1985(3), he would need to allege either a violation of the equal protection of the laws or some privilege or immunity being violated. *See White v. Sch. Bd. of Hillsborough Cty.*, 636 F. Supp. 2d 1272, 1278 (M.D. Fla. 2007). And if Latimer is alleging a conspiracy under the federal Racketeering Influenced and Corrupt Organizations Act, he fails to allege anything resembling a pattern of racketeering activity. *See Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014).

The following is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 6) is **ADOPTED**.

2

2. Latimer's motion to proceed in forma pauperis is **DENIED**.

3. Latimer's complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim.

4. The Clerk is directed to enter judgment in U-Haul's favor, terminate any pending motions and deadlines, and close this case.

**ENTERED** in Tampa, Florida, on October 5, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge